**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN R. GROGAN, JR., | ) | CASE NO. 5:26-cv-309 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| JOSEPH MONGOLD, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil rights action brought by *pro se* plaintiff Juan R. Grogan, Jr. ("Grogan"), against several local, state, and federal defendants. Grogan, who is currently incarcerated, seeks to proceed *in forma pauperis*. (Doc. No. 2 (Motion to Proceed *In Forma Pauperis*).) In an eleven-count complaint, Grogan alleges that defendants engaged in violations of state and federal law. (*See generally* Doc. No. 1 (Complaint).) But none of Grogan's allegations state a plausible claim for relief. For the reasons stated herein, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e).

## I.    BACKGROUND[1]

Grogan states that on November 30, 2020, an alleged kidnapping, carjacking, and assault occurred in Canton, Ohio, involving a victim identified as M.S. (Doc. No. 1 ¶ 21.) M.S. was allegedly kidnapped, shot in the ear, placed in a vehicle, and driven around Canton at gunpoint by

---

[1] Grogan's complaint contains 242 paragraphs of "factual allegations." (*See* Doc. No. 1 ¶¶ 21–263.) Many of his "factual allegations," however, are instead arguments or unsubstantiated legal conclusions. For the purposes of this background section, the Court only references Grogan's complaint insofar as he makes genuine factual allegations.

four individuals. (*Id.* ¶ 22.) Law enforcement identified Grogan as a potential suspect, although Grogan avers that "[he] was not involved in the November 30, 2020 incident and had no knowledge of it at the time it occurred." (*Id.* ¶¶ 23–24.)

Nevertheless, law enforcement officers were assigned to investigate Grogan's potential involvement. Canton Police Detective Joseph Mongold ("Mongold") was assigned as the lead investigator. (*Id.* ¶ 25.) Assisting in the investigation was Canton Police Detective Michael Volpe ("Volpe"). (*Id.* ¶ 26.) In addition to his duties with the Canton Police Department, Volpe also served as a Task Force Officer with the Federal Bureau of Investigation ("FBI"). (*Id.* ¶¶ 12, 26.)

On or about December 1, 2020, Grogan states that Mongold and other law enforcement officers interviewed M.S. at the hospital. (*Id.* ¶ 28.) Grogan alleges that M.S. provided an "exculpatory statement" that M.S. did not know the identities of his kidnappers, and that this information "was deliberately omitted by Mongold" in his probable cause affidavit. (*See id.* ¶¶ 29–31.)

The next day, on December 2, 2020, law enforcement officers presented M.S. with a photo lineup of four possible suspects. (*Id.* ¶ 37.) A law enforcement officer served as a blind administrator during this process. (*Id.*) M.S. identified Grogan as one of the perpetrators that was involved in the crimes that took place on November 30, 2020. (*See id.* ¶ 40.) Law enforcement also administered a second photo lineup to identify the vehicle involved in the crime. (*See id.* ¶ 42.) This photo lineup was conducted by Mongold, who Grogan alleges was not a blind administrator. (*Id.*) From the lineup, M.S. identified a 2018 Dodge Journey as the vehicle involved in the November 30, 2020, incident. (*Id.*) Mongold subsequently met with members of the Canton City Prosecutor's Office and made the decision to arrest Grogan for kidnapping, aggravated

2

robbery, and felonious assault. (*Id.* ¶¶ 45–46.) A warrant for Grogan's arrest was obtained on December 3, 2020.[2] (*Id.* ¶ 49.)

On December 7, 2020, law enforcement officers arrived at Grogan's Canton residence. (*See id.* ¶ 81.) A 2018 Dodge Journey was parked outside the residence. (*Id.* ¶ 82.) Grogan contends that law enforcement searched the 2018 Dodge Journey without a warrant, where they discovered a quantity of fentanyl, a handgun, drug paraphernalia, a money order receipt with Grogan's name, and a wallet with two driver's licenses belonging to Grogan. (*Id.* ¶¶ 83, 85.)

On December 10, 2020, Grogan was arrested at his Canton residence. (*Id.* ¶ 90.) Grogan represents that he invoked his *Miranda* rights immediately upon his arrest and declined to give any statement. (*Id.* ¶¶ 94–98.) Nevertheless, Grogan alleges that Mongold and Volpe attempted to interrogate him. (*Id.* ¶ 96.) Grogan was thereafter transported to Stark County Jail. (*Id.* ¶ 99.)

### The State Proceedings

Grogan represents that state prosecutors intended to seek an indictment in the Stark County Court of Common Pleas charging him with kidnapping, aggravated robbery, and felonious assault.[3] (*See id.* ¶¶ 116, 120–21.) Grogan was represented by an attorney in the state court proceedings.

---

[2] Grogan takes issue with the arrest warrant. Grogan contends that there was no probable cause for the arrest warrant because, *inter alia*: (i) M.S.'s statement that he did not know the identity of the kidnappers provided exculpatory evidence that was not included in any probable cause affidavit (Doc. No. 1 ¶¶ 29–31); (ii) there was insufficient evidence connecting Grogan to the November 30, 2020, incident (*see id.* ¶¶ 32–36); (iii) M.S.'s identification of Grogan was questionable (*id.* ¶ 43); and (iv) Volpe, who administered the oath for Mongold's warrant affidavit, had a conflict of interest because he was simultaneously employed by the Canton Police Department and the FBI. (*Id.* ¶¶ 51–55.) Grogan alleges that no valid arrest warrant affidavit exists (*id.* ¶ 62) and that the arrest warrant issued on December 3, 2020, lacked probable cause. (*Id.* ¶ 66.) He characterizes the arrest warrant as a "sham legal process" because it was allegedly illegitimate and used to deprive Grogan of his constitutional rights. (*Id.* ¶ 80.)

[3] Although Grogan does not identify this proceeding in his complaint, the Court takes judicial notice of *Ohio v. Grogan*, No. 2020CR2299 (Stark Cnty Ct. Comm. Pl. filed Dec. 17, 2020). "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Starlink Logistics, Inc. v. ACC, LLC*, No. 1:18-cv-29, 2019 WL 2341403, at *4 (M.D. Tenn. June 3, 2019) (quotation marks and citation omitted).

(*Id.* ¶¶ 118–19; *see id.* ¶ 136.) The case was submitted to a grand jury. (*Id.* ¶ 120.) On January 21, 2021, the grand jury returned a "no bill," and the state did not pursue the matter further. (*Id.* ¶¶ 121, 123.)

*The Federal Proceedings*

*Drug and Firearm Charges*

On January 21, 2021, the United States filed a criminal complaint against Grogan in the Northern District of Ohio.[4] (*Id.* ¶ 125.) The criminal complaint against Grogan charged him with: (i) possession with intent to distribute fentanyl; (ii) possession of a firearm in furtherance of a drug trafficking crime; and (iii) being a felon in possession of a firearm. (*Id.* ¶¶ 126, 169); *see also* Complaint, *United States v. Grogan*, No. 5:21-cr-85, Doc. No. 1 (N.D. Ohio Jan. 21, 2021). Grogan alleges that the federal complaint "relied on the very same evidence that the state grand jury had just rejected as insufficient." (Doc. No. 1 ¶ 127.)

Grogan alleges that, on January 28, 2021, he was interrogated by FBI agents, including Volpe, without counsel present. (*Id.* ¶¶ 139–45.) He further alleges that he was deceived into signing a waiver of his *Miranda* rights. (*Id.* ¶ 147–50.) He asserts that he made statements during the interrogation that were later used against him at trial. (*Id.* ¶ 151.)

Grogan represents that at some point after January 28, 2021, he entered into a proffer agreement with the government. (*Id.* ¶ 155.) He states that the proffer agreement prohibited the government from using proffer statements against him at trial, except in the limited circumstance

---

[4] Although Grogan does not identify this proceeding in his complaint, the Court takes judicial notice of *United States v. Grogan*, No. 5:21-cr-85 (N.D. Ohio filed Jan. 21, 2021).

4

that Grogan testified inconsistently with the proffer statements. (*Id.* ¶ 157.) Grogan then admitted in the proffer session that he owned the drugs found in the 2018 Dodge Journey. (*Id.* ¶ 159.)

On February 18, 2021, the grand jury returned a three-count indictment against Grogan on these three charges. (*Id.* ¶ 169.) The case proceeded to trial and on September 26, 2022, a jury found Grogan guilty on all three counts of the indictment. (*Id.* ¶ 175.) At trial, the government introduced proffer statements made by Grogan on the grounds that Grogan's invocation of the Fifth Amendment during his trial testimony was inconsistent with his proffer statement. (*Id.* ¶¶ 162–66.)

Grogan appealed his conviction.[5] (*Id.* ¶ 177.) On March 27, 2025, the Sixth Circuit issued an opinion reversing Grogan's convictions on counts one and two of the indictment, finding that the district court erred in admitting some of the proffer statements at trial.[6] (*Id.* ¶¶ 178–180.) The matter was subsequently remanded to the district court. (*Id.* ¶ 208.) On remand, Grogan was retried and convicted on counts one and two of the indictment. *See* Jury Verdict, *United States v. Grogan*, 5:21-cr-85, Doc. No. 147 (N.D. Ohio July 22, 2025); (*see also* Doc. No. 1 ¶ 212.)

*Kidnapping, Carjacking, and Firearm Charges*

On August 9, 2023, a federal grand jury returned a new indictment charging Grogan with: (i) kidnapping; (ii) carjacking; and (iii) two counts of possession of a firearm in furtherance of a crime of violence.[7] (*Id.* ¶¶ 186–87.) On March 23, 2025, one week before the trial was scheduled

---

[5] *See generally United States v. Grogan*, 133 F.4th 553 (6th Cir. 2025).

[6] Grogan did not challenge his conviction under count three of the indictment, possession of a firearm as a felon, but since the counts were grouped for guideline calculation purposes, the Sixth Circuit vacated the entire sentence. *Grogan*, 133 F.4th at 566 n.1; (*see* Doc. No. 1 ¶ 185.)

[7] It appears that Grogan is referring to *United States v. Young, et al.*, No. 5:23-cr-428 (N.D. Ohio filed Aug. 9, 2023).

to take place, the government moved to dismiss the indictment without prejudice. (*Id.* ¶ 202.) The government's stated basis for dismissal was the refusal of certain witnesses to testify at trial. (*Id.* ¶ 203.) The matter was dismissed. (*See id.* ¶ 206.)

*Grogan's Civil Rights Action*

Grogan filed the instant action on February 6, 2026, against Mongold, Volpe, the City of Canton, the Canton Police Department, the FBI, and ten unidentified "John Doe" defendants. (*See generally id.*) In Count One, Grogan asserts a 42 U.S.C. § 1983 claim for false arrest without probable cause under the Fourth Amendment against Mongold, Volpe, the City of Canton, the Canton Police Department, and the John Doe defendants (*id.* ¶¶ 264–277); in Count Two, Grogan asserts a § 1983 claim for fabrication of evidence under the Fourth and Fourteenth Amendments against Mongold, Volpe, the City of Canton, the Canton Police Department, and the John Doe defendants (*id.* ¶¶ 278–288); in Count Three, Grogan asserts a § 1983 claim for malicious prosecution under the Fourth and Fourteenth Amendments against Mongold, Volpe, the City of Canton, the Canton Police Department, and the John Doe defendants (*id.* ¶¶ 289–307); in Count Four, Grogan asserts a 42 U.S.C. § 1985 claim for conspiracy against all defendants (*id.* ¶¶ 308–320); in Count Five, Grogan asserts a § 1983 claim for violations of the double jeopardy and due process clauses of the Fifth Amendment against Volpe, the FBI, the City of Canton, the Canton Police Department, and the John Doe defendants (*id.* ¶¶ 321–339); in Count Six, Grogan asserts a § 1983 and *Bivens* claim for violations of the right to counsel under the Sixth Amendment against Volpe, the FBI, and the John Doe defendants (*id.* ¶¶ 340–358); in Count Seven, Grogan asserts a § 1983 and *Bivens* claim for violations of due process under the Fifth and Fourteenth Amendments against all defendants (*id.* ¶¶ 359–368); in Count Eight, Grogan asserts a *Bivens* claim under the

6

Fourth Amendment against Volpe, the FBI, and the John Doe defendants (*id.* ¶¶ 369–376); in Count Nine, Grogan asserts a *Bivens* claim under the Fifth Amendment against Volpe, the FBI, and the John Doe defendants (*id.* ¶¶ 377–384); in Count Ten, Grogan asserts a *Bivens* claim under the Sixth Amendment against Volpe, the FBI, and the John Doe defendants (*id.* ¶¶ 385–392); and in Count Eleven, Grogan asserts a claim under Ohio Rev. Code § 2921.52 against Mongold, Volpe, the City of Canton, and the Canton Police Department. (*Id.* ¶¶ 393–403.)

Grogan requests declaratory judgment, injunctive relief, compensatory damages, punitive damages, and attorney's fees and costs. (*Id.* at 68–69.)[8] Grogan also submitted a motion to proceed *in forma pauperis*. (Doc. No. 2.)

## II.     LEGAL STANDARD

Federal district courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* actions brought in federal court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim under § 1915(e), a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)). Pleadings that merely offer "labels and conclusions[,]" "a formulaic recitation of the

---

[8] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

elements of a cause of action[,]" and "naked assertions devoid of further factual enhancement" are insufficient. *Iqbal*, 556 U.S. at 678 (citation modified).

*Pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam), but the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). To avoid dismissal, even *pro se* complaints must meet basic federal pleading requirements and set forth allegations sufficient to state a plausible claim for relief. *See Hill*, 630 F.3d at 470–71 (citations omitted).

## III.    DISCUSSION

The Court will begin the task of unpacking the complaint by assessing whether Grogan has asserted a plausible claim against each of the defendants. As will be discussed below, Grogan fails to state a claim against any defendant.

### A.  Grogan's Claims Against the John Doe Defendants Fail

To begin, Grogan fails to state a claim against the John Doe defendants because he does not allege any conduct by them. His "Factual Allegations" section fails to even mention the John Doe defendants. (*See* Doc. No. 1 ¶¶ 21–263.) With nothing more, Grogan's claims pertaining to the John Doe defendants (Counts One–Ten) are merely "naked assertions" devoid of "further factual enhancement" that do not satisfy the pleading standard. *See Iqbal*, 556 U.S. at 678 (citation omitted).

### B.  The FBI and Canton Police Department Are Not Proper Defendants

Next, neither the FBI nor the Canton Police Department are properly part of this case. To begin with the FBI, the United States, as sovereign, is immune from suit unless it consents to be

8

sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941) (collecting cases). Sovereign immunity extends to federal officials sued in their official capacities and federal agencies. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (affirming dismissal of suit against federal agency because federal sovereign immunity "extends to agencies of the United States" and "[t]he federal question jurisdictional statute is not a general waiver of sovereign immunity" (citations omitted)). The plaintiff bears the burden of "identify[ing] a waiver of sovereign immunity." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Grogan fails to identify a cause of action for which the United States has waived sovereign immunity.

Grogan first attempts to assert various *Bivens* claims (Counts Five–Ten) against the FBI. (*See* Doc. No. 1 ¶¶ 321–392.)[9] The federal government has not consented to *Bivens* actions against it or its agencies. *See Miller v. F.B.I.*, 149 F.3d 1183 (Table), 1998 WL 385895, *1 (6th Cir. 1998) ("[T]he doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages." (citing *FDIC v. Meyer*, 510 U.S. 471, 484–86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992))). Thus, to the extent Counts Five–Ten attempt to state a *Bivens* claim against the FBI—a federal agency—they must fail.

Similarly, Grogan attempts to bring a claim against the FBI under 42 U.S.C. § 1985 (Count 4). (Doc. No. 1 ¶¶ 308–20.) But the United States has not waived sovereign immunity as to itself, its agencies, or its officers under 42 U.S.C. § 1985. *See Ctr. for Bio-Ethical Reform, Inc. v. City of*

---

[9] The Court notes that one of these claims against the FBI is pleaded solely as a § 1983 claim (Count Five), while some are pleaded as both § 1983 and *Bivens* claims (Counts Six and Seven), and still others are pleaded solely as *Bivens* claims (Counts Eight, Nine, and Ten). "[T]he federal government and its officials are not subject to suit under § 1983." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) (citation modified). The Court will assume for the purposes of this analysis that Grogan intended each of these counts, at least as to the FBI, to plead a claim under *Bivens*, the "more limited federal analog to § 1983." *Hernandez v. Mesa*, 589 U.S. 93, 109, 140 S. Ct. 735, 206 L. Ed. 2d 29 (2020) (quotation marks and citation omitted). To the extent Grogan intended any count to plead a § 1983 claim against the FBI, the count fails.

*Springboro*, 477 F.3d 807, 820 (6th Cir. 2007) (affirming district court's grant of summary judgment to federal officer defendants on all claims against them in their official capacity, including a claim under § 1985, on sovereign immunity grounds); *Omeli v. Nat'l Council of Senior Citizens*, 12 F. App'x 304, 307 (6th Cir. 2001) ("[Plaintiff] also fails to make any persuasive argument as to why the [federal agency] was not entitled to sovereign immunity on the claims under § . . . 1985[.]"). Grogan therefore cannot bring a § 1985 claim against the FBI.

Grogan asserts no claims against the FBI for which the United States has consented to be sued. Sovereign immunity thereby deprives the Court of jurisdiction to entertain the claims against the FBI, *see Sherwood*, 312 U.S. at 586 (collecting cases), and the claims therefore fail.

Neither can any claim against the Canton Police Department prevail. Police departments are "not *sui juris*[,]" meaning they are not separate legal entities under Ohio law that can sue or be sued. *Wagner v. City of Canton*, No. 5:19-cv-377, 2020 WL 1514551, at *1 n.2 (N.D. Ohio Mar. 30, 2020) (citation omitted). Rather, "[t]hey are merely sub-units of the municipalities they serve[,]" and they do not have a separate legal existence. *See Deir v. Lake Cnty.*, No. 1:12-cv-110, 2012 WL 1142467, at *3 (N.D. Ohio Apr. 4, 2012); *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases). Because the Canton Police Department lacks capacity to be sued, Grogan's claims against it (Counts One–Five, Seven, and Eleven) must be dismissed.

### C.  All § 1983 Claims Against the City of Canton Fail

Grogan fails to adequately plead a § 1983 claim against the City of Canton. Liability under § 1983 attaches to a municipality only in "a narrow set of circumstances." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019). To successfully state a § 1983 claim against a

10

municipality, a plaintiff must show "that the municipality had a 'policy or custom' that caused the violation of his rights." *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Plaintiffs can establish the requisite policy or custom by proving "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.* (citation omitted). Grogan fails to adequately allege a claim under any of these four theories.

First, Grogan fails to adequately plead a claim under an official-policy theory. Such a claim requires allegations of "formal rules or understandings—often but not always committed to writing—that [were] intended to, and [did], establish fixed plans of action to be followed under similar circumstances consistently and over time." *Id.* at 829 (citation and emphasis omitted) (alterations in original). Grogan states in conclusory fashion, that the "City of Canton maintained policies, practices, and customs that caused the constitutional violations alleged herein[.]" (Doc. No. 1 ¶ 241.) Grogan further alleges that the City of Canton had policies or customs of "obtaining arrest warrants without adequate probable cause[,]" "omitting material exculpatory information from warrant affidavits[,]" and "allowing officers with conflicts of interest to administer oaths for warrant affidavits[.]" (*Id.*; *see also id.* ¶ 276 (similar allegations of policies and customs).) But he provides no factual support for these conclusory allegations. Such conclusory pleadings are insufficient. *See Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 502 (W.D. Ky. 2021) (finding conclusory allegations of unconstitutional policy, unaccompanied by factual support, insufficient to state claim under official-policy theory (collecting cases)).

11

Second, Grogan fails to plead a claim under a ratification theory. A ratification claim "requires . . . allegations against a *specific* final decisionmaker[.]" *Brown v. Chapman*, 814 F.3d 447, 463 (6th Cir. 2016) (emphasis added). Grogan does not identify any individual with final decision-making authority, electing instead to identify the City of Canton itself. (Doc. No. 1 ¶ 243.) He thus fails to plead a claim under the ratification theory. *See Jocke v. City of Medina, Ohio*, No. 22-3954, 2023 WL 5167326, at *6 (6th Cir. Aug. 11, 2023) (holding ratification allegations inadequate where complaint failed to "identify an individual with final decision-making authority who ratified the decision").

Third, Grogan fails to adequately plead a failure-to-train claim. A failure-to-train claim requires, *inter alia*, allegations that "the [municipal defendant's] training program was inadequate for the tasks that officers must perform[.]" *Jackson*, 925 F.3d at 834 (quotation marks and citation omitted). Grogan provides only formulaic, conclusory allegations that the City of Canton failed to adequately train its police officers on "[t]he constitutional requirements for obtaining arrest warrants; . . . [t]he prohibition on material omissions in warrant affidavits; . . . [t]he limitations on dual sovereignty prosecutions; . . . [and] [t]he requirements for obtaining valid consent to search[.]" (Doc. No. 1 ¶ 244; *see also id.* ¶ 276 (alleging similar failure to train).) But he fails to support these conclusory allegations with any specific facts or explain how and why the City of Canton's training was inadequate. This is insufficient to state a failure-to-train claim. *See Martinez v. Wayne Cnty., Michigan*, 142 F.4th 828, 845 (6th Cir. 2025) (holding allegations of county defendant's "failure to supervise, train and/or discipline employees" insufficient without supporting factual allegations); *Pierce v. Bailey*, No. 1:22-cv-863, 2023 WL 11892358, at *1

12

(W.D. Mich. Apr. 5, 2023) (finding plaintiff failed to state failure-to-train claim where plaintiff "fail[ed] to explain why the training was inadequate").

Fourth, Grogan fails to establish a § 1983 claim based on a custom-of-tolerance theory. A custom-of-tolerance theory requires, *inter alia*, allegations of "a clear and persistent pattern of unconstitutional conduct by municipal employees[.]" *D'Ambrosio v. Marino*, 747 F.3d 378, 387 (6th Cir. 2014) (quotation marks and citation omitted). This requires a plaintiff to plead prior instances of unconstitutional conduct separate from, but similar to, the plaintiff's own case. *See Safe Choice, LLC v. City of Cleveland*, No. 1:24-cv-2033, 2025 WL 3032308, at *10 (N.D. Ohio Oct. 30, 2025) (rejecting argument that plaintiff was not required to identify other instances of unconstitutional conduct to sustain custom-of-tolerance claim (collecting cases)). Grogan does not allege any prior instances of unconstitutional conduct similar to those alleged in his case, thus defeating his custom-of-tolerance claim. *See, e.g.*, *Spencer v. Ganshirt*, No. 2:24-cv-144, 2025 WL 3177051, at *3 (E.D. Ky. Aug. 28, 2025) (holding custom-of-tolerance claim insufficient where complaint did not identify "even a single prior instance" of similar conduct), *report and recommendation adopted*, 2025 WL 2970537 (E.D. Ky. Oct. 20, 2025). Because Grogan fails to adequately plead any theory of municipal liability under § 1983, his § 1983 claims against the City of Canton (Counts One–Three, Five, and Seven) must be dismissed.

### D. Grogan's Remaining Claims Against Mongold, Volpe, and the City of Canton Fail

#### i. *False Arrest as Against Mongold and Volpe*

Grogan's § 1983 claim for false arrest (Count One) is time-barred on the face of the complaint. Grogan's § 1983 claims are subject to Ohio's two-year statute of limitations. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citations omitted). False arrest claims accrue

13

"when the state initiates legal process against the plaintiff, such as through arraignment or formal charging." *Codrington v. Dolak*, 142 F.4th 884, 892 (6th Cir. 2025) (citation omitted). Grogan's false arrest claim accrued, at the latest, on February 18, 2021, when he was indicted on federal drug and firearm charges. (Doc. No. 1 ¶ 169.) Grogan had until February 18, 2023, to file his false arrest claim. He did not file the instant case until February 6, 2026, so his false arrest claim is time-barred on the face of the complaint.

> ii. *Fourteenth Amendment Fabrication of Evidence as Against Mongold and Volpe*

Grogan fails to adequately plead a Fourteenth Amendment fabrication of evidence claim (Count Two).[10] "The elements of a fabrication-of-evidence claim under the Due Process Clause [of the Fourteenth Amendment] are (1) the evidence was knowingly fabricated, and (2) the evidence likely affected the decision of the jury." *Clark*, 131 F.4th at 448 (citation omitted). Importantly, a Fourteenth Amendment fabrication of evidence claim will not lie absent a conviction. *See Anderson v. Knox Cnty.*, No. 22-5280, 2023 WL 4536078, at *8 (6th Cir. July 13, 2023) (citation omitted).

To the extent Grogan bases this claim on the state proceedings or the federal kidnapping proceedings, the claim fails because neither proceeding resulted in a conviction. *See id.* (Fourteenth Amendment fabrication of evidence claim failed where claimant was acquitted in underlying criminal proceedings).

---

[10] Grogan's fabrication of evidence claim is nominally premised on both the Fourth and Fourteenth Amendments. (Doc. No. 1, at 42.) The Sixth Circuit suggests that Fourth Amendment fabrication of evidence claims premised on unlawful detention are most appropriately analyzed "under the rubric of malicious prosecution." *See Clark v. Abdallah*, 131 F.4th 432, 447 (6th Cir. 2025) (citation omitted). Because Grogan's claim is premised on his detention (Doc. No. 1 ¶¶ 282–285), the Court will address the Fourth Amendment claim below with Grogan's malicious prosecution claim.

14

To the extent Grogan's claim is based on the federal gun and drug proceedings, the claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under *Heck*, a § 1983 claim is barred if its success would necessarily imply the invalidity of a conviction, unless the conviction has already been overturned on appeal or in habeas proceedings. *See Chaney-Snell v. Young*, 98 F.4th 699, 707 (6th Cir. 2024) (citation omitted). As a result of the federal gun and drug proceedings, Grogan was convicted of being a felon in possession of a firearm. (Doc. No. 1 ¶¶ 169, 175.) The fabrication of evidence claim, which alleges that Grogan's conviction was based on fabricated and unconstitutionally obtained evidence (*id.* ¶¶ 170, 172–174, 281–283), necessarily implies the invalidity of the conviction. *See Leyko v. McConnell*, No. 1:25-cv-864, 2025 WL 2810703, at *2 (W.D. Mich. Oct. 3, 2025) (holding fabrication of evidence claim necessarily implied invalidity of underlying conviction (citing, among authority, *U.S. v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989))). Grogan's conviction for being a felon in possession of a firearm has not been overturned. (Doc. No. 1 ¶ 185.) Because the fabrication of evidence claim necessarily implies the invalidity of a standing conviction, it is barred by *Heck*.[11]

---

[11] The fact that Grogan's convictions on counts one and two of the indictment were initially reversed on appeal does not change this conclusion, even if the Court were to ignore that Grogan was reconvicted on both counts after retrial. Only claims that do not imply the invalidity of *any* standing conviction can survive *Heck*'s bar. *See Heck*, 512 U.S. at 487 ("But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of *any outstanding criminal judgment* against the plaintiff, the action should be allowed to proceed[.]" (second emphasis added)). The fact that Grogan initially obtained reversal of two of his convictions does not change that his current fabrication of evidence claim necessarily challenges his conviction for being a felon in possession of a firearm, which indisputably still stands.

15

### iii. Fourth Amendment Malicious Prosecution and Fabrication of Evidence as Against Mongold and Volpe

The Fourth Amendment malicious prosecution[12] and fabrication of evidence claims (Counts Two and Three) fail on a combination of substantive and timeliness grounds. Both claims require, *inter alia*, a lack of probable cause. *See Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017) (malicious prosecution requires "that there was a lack of probable cause for the criminal prosecution [of plaintiff]" (citation omitted)); *Clark*, 131 F.4th at 447 ("Fourth Amendment [fabrication of evidence] claims turn crucially on the lack of probable cause . . ." (citation omitted)). Both claims accrue for purposes of the statute of limitations when the criminal proceedings terminate in the plaintiff's favor. *Heck*, 512 U.S. at 489 (accrual of malicious prosecution claims); *Hoskins v. Knox Cnty., Kentucky*, No. 17-cv-84, 2018 WL 1352163, at *15 (E.D. Ky. Mar. 15, 2018) (accrual of Fourth Amendment fabrication of evidence claims).

First, both claims, on the face of the complaint, are time-barred to the extent they rely on the state proceedings. The state proceedings terminated in Grogan's favor on January 21, 2021, when the grand jury declined to indict him. (Doc. No. 1 ¶ 123).[13] Under the two-year statute of limitations applicable to all § 1983 claims in Ohio, *see Cooey*, 479 F.3d at 416 (citations omitted), Grogan had until January 21, 2023, to file his claim. He missed this deadline, and his claims are thus time-barred to the extent they are based on the state proceedings.

---

[12] Like his fabrication of evidence claim, Grogan's malicious prosecution claim is nominally premised on both the Fourth and Fourteenth Amendments. (Doc. No. 1, at 44.) But "malicious[]prosecution claims must be asserted under the Fourth Amendment rather than the Fourteenth." *Jackson*, 925 F.3d at 820 n.14 (citing *Albright v. Oliver*, 510 U.S. 266, 271, 273–75, 114 S. Ct. 807, 127 L.Ed.2d 114 (1994)). Accordingly, the Court will only analyze the malicious prosecution claim under the Fourth Amendment.

[13] *See Guerra v. Rodriguez*, No. 10-cv-199, 2012 WL 208083, at *10 (E.D. Ky. Jan. 24, 2012) ("The failure of the grand jury to indict plaintiff satisfies the requirement that the criminal proceeding must have been resolved in plaintiff's favor." (citation omitted)).

16

Second, to the extent Grogan relies on either of the federal proceedings, he fails to plead a lack of probable cause. For purposes of Fourth Amendment claims, a grand jury indictment "conclusively determines the existence of probable cause[.]" *Lester v. Roberts*, 986 F.3d 599, 608 (6th Cir. 2021) (citation omitted); *see also id.* ("[T]he grand jury's finding [of probable cause] creates a presumption of probable cause in later proceedings under § 1983."). The conclusive effect of a grand jury indictment can be overcome if defendants made false statements that were either presented to the grand jury, *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) (citation omitted), or material to the prosecution. *Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017) (citation omitted). Here, Grogan was indicted by a grand jury in both of his federal cases. (Doc. No. 1 ¶¶ 169, 186.) In an effort to overcome the indictments' conclusive effects, he makes conclusory allegations of pre-indictment falsehoods. (Doc. No. 1 ¶¶ 61, 113.) But he provides no details about what these falsehoods were or how they were false. Such conclusory pleading is insufficient to overcome the conclusive effect of a grand jury indictment. *See Allen v. Rucker*, 304 F. Supp. 3d 638, 646 (E.D. Ky. 2018) (holding "[g]eneral statements alleging false, misleading, or fabricated evidence, without more, amount to vague conclusory allegations" insufficient to overcome presumption of probable cause created by grand jury indictment). Grogan thus fails to plead a lack of probable cause as to either federal prosecution.

   iv.  *Section 1985 Conspiracy as Against the City of Canton, Mongold, and Volpe*

Grogan fails to plead a § 1985(3)[14] conspiracy (Count Four). "To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it." *Est. of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) (citation omitted). Grogan does not allege that he is a member of a protected class or that the alleged conspiracy against him was motivated by any discriminatory animus based on his membership in a protected class. His § 1985(3) conspiracy claim must fail. *See Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (affirming dismissal of § 1985(3) claim where plaintiff "fail[ed] to allege or establish that they are members of a class warranting the protection of the equal protection doctrine").

   v.  *Double Jeopardy as Against Volpe*

Next, Grogan fails to state a § 1983 claim for violation of the double jeopardy clause (Count Five). Grogan argues that his right against double jeopardy was violated when federal prosecutors brought charges against him after the state grand jury declined to indict him. (Doc. No. 1 ¶¶ 324–333.)[15] Jeopardy attaches to an offense when proceedings reach a point at which either a court or

---

[14] Grogan does not specify under which of § 1985's subsections he brings his claim. But because his § 1985 claim invokes the law's "prohibit[ion] [on] conspiracies to deprive persons of equal protection of the laws or of equal privileges and immunities under the laws" (Doc. No. 1 ¶ 309), the Court presumes Grogan intends to assert a claim under § 1985(3) which, in relevant part, relates to conspiracies "for the purpose of depriving . . . any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" 42 U.S.C. § 1985(3).

[15] Under the dual sovereignty doctrine, double jeopardy does not prevent the federal and state governments from prosecuting the same defendant for the same conduct. *United States v. Clark*, 254 F. App'x 528, 532 (6th Cir. 2007) (citation omitted). Grogan appears to invoke the narrow "sham prosecution" exception to this rule. (Doc. No. 1 ¶¶ 324–325.) For the sham prosecution exception to apply, the claimant must show that one sovereign was "merely a tool" of the other sovereign in undertaking its prosecution of the defendant. *See United States v. Willis*, 981 F.3d 511, 515 (6th Cir. 2020) (citation omitted). "[T]he . . . sham[]prosecution exception is a narrow one and, so far as [the Sixth] [C]ircuit is concerned, it is an exception that has yet to affect the outcome of a single case." *Id.* (citation omitted). In any event, the Court does not analyze Grogan's sham prosecution claims because, even assuming the federal government was acting as the State of Ohio's tool in prosecuting Grogan, his claim would still fail.

jury "has power to determine the defendant's guilt or innocence as to that 'offence.'" *Soto v. Siefker*, 79 F.4th 715, 717 (6th Cir. 2023). As alleged, Grogan's state prosecution ended with a state grand jury declining to indict him. (Doc. No. 1 ¶ 123.) It never reached a point at which any court or jury had the power to determine his guilt or innocence. Accordingly, jeopardy never attached, and Ohio and the United States were free to prosecute him for the underlying conduct.

### vi. Violation of the Right to Counsel as Against Volpe

Grogan's § 1983 claim for violation of the right to counsel (Count Six) is time-barred on the face of the complaint. The claim is based on a January 28, 2021, interrogation without Grogan's counsel present. (*Id.* ¶ 353.) If any claim were to be had, it would have accrued at that time. *See Waseleski v. City of Brooklyn*, No. 1:23-cv-548, 2025 WL 896097, at *6 (N.D. Ohio Mar. 24, 2025) (holding § 1983 claim based on interrogation without counsel accrued when plaintiff was interrogated without counsel). Under the two-year statute of limitations applicable to all § 1983 claims in Ohio, *see Cooey*, 479 F.3d at 416 (citations omitted), Grogan had to file his claim by January 28, 2023. Grogan missed his deadline, and his claim is time-barred.[16]

### vii. Due Process as Against Mongold and Volpe

Grogan's due process claim (Count Seven), whether substantive or procedural, fails. To the extent Grogan attempts to plead a procedural due process claim, it fails because he neglects to allege the requisite lack of an adequate state remedy. *See Desmond v. Cnty. of Monroe*, No. 23-cv-

---

[16] Additionally, the claim is legally deficient. To the extent Grogan bases his claim on violations of his *Miranda* rights, the Supreme Court unequivocally holds that a violation of *Miranda* does not "confer a right to sue under § 1983." *Vega v. Tekoh*, 597 U.S. 134, 152, 142 S. Ct. 2095, 213 L. Ed. 2d 479 (2022). To the extent, Grogan bases his claim on the Sixth Amendment right to counsel, the claim fails because Grogan fails to allege any intrusion into attorney-client communications. *See Ickes v. Woosley*, No. 1:17-cv-P30, 2017 WL 1205070, at *2 (W.D. Ky. Mar. 30, 2017) ("To prevail on a § 1983 claim for a violation of the Sixth Amendment's right to counsel, . . . [p]laintiff must establish an intrusion into an attorney-client communication and some prejudice to him." (citing *Weatherford v. Bursey*, 429 U.S. 545, 558, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977))).

12169, 2024 WL 3488735, at *5 (E.D. Mich. July 18, 2024) (dismissing procedural due process claim where plaintiff "failed to plead that he lacks an adequate state remedy that comports with procedural due process." (citing *Braley v. City of Pontiac*, 906 F.2d 220, 225 (6th Cir. 1990) (further citation omitted); *Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985) (en banc))).

As to substantive due process, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the] claims." *Partin v. Davis*, 675 F. App'x 575, 581 (6th Cir. 2017) (citation omitted) (alteration in original). Here, Grogan's general due process claim challenges the same conduct as his more specific Fourth, Fifth, Sixth, and Fourteenth Amendment claims. Because more specific Amendments address the rights Grogan attempts to assert, his substantive due process claim must fail. *See Massengale v. Perhacs*, No. 1:24-cv-1793, 2025 WL 1573190, at *6 (N.D. Ohio May 6, 2025) (dismissing substantive due process claim where it was "merely another way of asserting a Fourth Amendment malicious prosecution claim and a First Amendment retaliation claim"), *objections overruled*, 2025 WL 1452707 (N.D. Ohio May 21, 2025). Grogan's due process claim, whether procedural or substantive, must be dismissed.

### viii.  Bivens *Claims as Against Volpe*

Grogan's *Bivens* claims against Volpe (Counts Eight–Ten) fail. There are only three recognized contexts in which a *Bivens* claim may be maintained: (1) claims against federal law enforcement personnel under the Fourth Amendment based on injuries sustained during a warrantless arrest in the suspect's own home; (2) claims under the Fifth Amendment for gender-discrimination in an employment context; and (3) claims by prisoners under the Eighth

Amendment for deliberate indifference to serious medical needs. *See Ziglar v. Abbasi*, 582 U.S. 120, 140, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *Davis v. Passman*, 442 U.S. 228, 245–47, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979); *Carlson v. Green*, 446 U.S. 14, 19, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980).

"[E]xpanding the *Bivens* remedy is now considered a 'disfavored' judicial activity." *Ziglar*, 582 U.S. at 135 (quoting *Iqbal*, 556 U.S. at 675); *see Egbert v. Boule*, 596 U.S. 482, 491, 142 S. Ct. 1793, 213 L. Ed. 2d 54 (2022). Therefore, in determining whether *Bivens* can afford relief in a particular case, the Court must ask whether the claim falls within one of the three specific claims recognized under *Bivens* or whether the case presents a "new *Bivens* context" that is "meaningfully different" from the three cases in which the Supreme Court has already recognized an implied damages action. *Egbert*, 596 U.S. at 492 (citation modified). If it is the latter, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102, 140 S. Ct. 735, 206 L. Ed. 2d 29 (2020)).

Applying these principles, the Court concludes that Grogan does not have a *Bivens* remedy against Volpe. He asserts claims under the Fourth, Fifth, and Sixth Amendments. But none of Grogan's purported *Bivens* claims properly fit within the three limited contexts where the Supreme Court has recognized an implied damages action.

First, Grogan's Sixth Amendment claim plainly fails because it does not fall within any of the existing contexts for which the Supreme Court has implied a *Bivens* remedy. "The Supreme Court has not recognized an implied cause of action under *Bivens* for alleged violations of the Sixth Amendment." *Montgomery v. Ferentino*, No. 4:17-cv-2326, 2019 WL 7372323, at *7 (N.D. Ohio Dec. 31, 2019) (collecting cases), *aff'd.*, No. 20-3114, 2021 WL 3204843 (6th Cir. Feb. 24, 2021).

Second, while the Supreme Court has recognized *Bivens* remedies for claims under the Fourth and Fifth Amendments, it was in contexts markedly different than here. Although *Bivens* was applied to a Fourth Amendment claim, it was in the specific context of injuries sustained in a warrantless arrest of a suspect in his own home. *See Bivens*, 403 U.S. at 397. And while the Supreme Court has recognized a *Bivens* claim under the Fifth Amendment, it was in the context of employment discrimination. *Davis*, 442 U.S. at 245–47. The facts here present a context that is "meaningfully different" from those where the Supreme Court has already recognized an implied damages action. *Egbert*, 596 U.S. at 492. And the Court declines to extend *Bivens* and imply a new constitutional damages remedy to the claims alleged here. Such an expansion of *Bivens* would be "disfavored," and the Supreme Court has consistently refused to extend *Bivens* to new contexts or categories of defendants for over 30 years. *See Ziglar*, 582 U.S. at 135. Accordingly, Grogan fails to state a *Bivens* claim against Volpe.

> ix. *Ohio Rev. Code § 2921.52 as Against the City of Canton, Mongold, and Volpe*

Having dismissed all federal claims, the Court need not address Grogan's claim under Ohio Rev. Code § 2921.52 (Count Eleven). Grogan filed this action pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343.

22

(Doc. No. 1 ¶ 4.) While a district court may exercise supplemental jurisdiction over state law claims, *see* 28 U.S.C. § 1367(a), it may decline to exercise such jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, the Court has dismissed all claims over which it has original jurisdiction, and the Court declines to exercise jurisdiction over Grogan's remaining state law claim. The claim will be dismissed. *See Sammuour v. Wayne Cnty. Prosecutor's Off.*, No. 06-cv-15197, 2007 WL 405698, at \*1 (E.D. Mich. Jan. 31, 2007) (dismissing state law claims on § 1915(e) screening because "the [c]ourt decline[d] to exercise its supplemental jurisdiction" over them).

## IV.     CONCLUSION

Grogan has failed to state a plausible claim for relief. Accordingly, Grogan's motion to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED** and, for the reasons stated above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 23, 2026

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

23